**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| WALTER CARTER | CIVIL ACTION |
| VERSUS | 19-105-SDD-EWD |
| SID J. GAUTREAUX III, ET AL | |

**RULING**

This matter is before the Court on the *Motion to Dismiss*[1] filed by Defendants Sid J. Gautreaux, III and Dennis Grimes (collectively "Defendants"). Plaintiff Walter Carter ("Plaintiff") filed an *Opposition*,[2] to which Defendants filed a *Reply*.[3] For the following reasons, the Defendants' *Motion to Dismiss*[4] shall be GRANTED in part and deferred in part as explained below; Plaintiff shall be granted leave to amend his *Complaint*.

**I.     FACTUAL BACKGROUND**[5]

The facts alleged in the Plaintiff's *Complaint* are scant but straightforward. Plaintiff entered the custody of the East Baton Rouge Parish Prison on April 2, 2018. Upon the date of his entry, Plaintiff allegedly requested medical attention for the fourth finger (the ring finger) of his left hand. Plaintiff claims that his finger suffered from pain, swelling, tenderness, and discharge. On April 19, 2018, Plaintiff was transported to Our Lady of the Lake Regional Medical Center, where he was diagnosed with a bone infection; his finger was subsequently amputated.

---

[1] Rec. Doc. 9.
[2] Rec. Doc. 17.
[3] Rec. Doc. 20.
[4] Rec. Doc. 9.
[5] Rec. Doc. 1 p. 3-4.
59238

Plaintiff filed suit against Defendants on February 18, 2019, claiming that the loss of his finger was due to his failure to receive adequate medical attention between his entry into prison and his transportation to the medical center.[6] Plaintiff asserted federal law claims under 42 U.S.C. § 1983, suing Defendants in both their official and individual capacities,[7] in addition to asserting state law negligence claims.[8] On May 7, 2019, Defendants filed a *Motion to Dismiss* under Rule 12(b)(6).[9] Because Plaintiff refers to Defendants *in globo* in his *Complaint*,[10] the Court shall address Plaintiff's claims against Defendants collectively.

## II. LAW AND ANALYSIS

### A. Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[11] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[12] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[13]

In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked

---

[6] Rec. Doc. 1.
[7] *Id.* at ¶ 1, 3(a), 3(b), 14.
[8] *Id.* at ¶ 1, 15.
[9] Rec. Doc. 9.
[10] *See* Rec. Doc. 1.
[11] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[12] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).
[13] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).

by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[14] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[15] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[16] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[17] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[18] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[19]

### B. Section 1983 Generally

The Civil Rights Act of 1964, 42 U.S.C. § 1983, creates a private right of action for redressing the violation of federal law by those acting under color of state law.[20] It provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or

---

[14] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and brackets omitted).
[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).
[16] *Twombly*, 550 U.S. at 556.
[17] *Iqbal*, 556 U.S. at 678.
[18] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (S.D. Tex. 2012) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).
[19] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).
[20] *See Migra v. Warren City School District Board of Educ.*, 465 U.S. 75, 82 (1984); *Middlesex County Sewerage Auth. v. National Sea Clammers Ass'n*, 453 U.S. 1, 19 (1981).

immunities secured by the Constitution and laws, shall be liable to
the party injured....[21]

"Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights conferred elsewhere.'"[22]

To prevail on a Section 1983 claim, a plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States.[23] A Section 1983 complainant must support his claim with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations.[24] The Supreme Court has held that municipal policies and practices amounting to deliberate indifference with respect to training, supervision, and/or hiring may give rise to Section 1983 liability.[25] Plaintiff contends that Defendants acted in deliberate indifference to his medical needs.[26]

### C. Deliberate Indifference to Medical Needs

To establish liability in connection with a claim for deliberate medical indifference, a prisoner-plaintiff must be able to show that appropriate medical care has been denied or delayed and that the denial or delay has constituted "deliberate indifference to serious medical needs."[27] "Deliberate indifference is an extremely high standard to meet."[28] It

---

[21] 42 U.S.C. § 1983 (1996).
[22] *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3, (1979)); accord *Graham v. Connor*, 490 U.S. 386, 393–94 (1989); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985); *Jackson v. City of Atlanta, TX*, 73 F.3d 60, 63 (5th Cir. 1996), *cert. denied*, 519 U.S. 818 (1996); *Young v. City of Killeen*, 775 F.2d 1349, 1352 (5th Cir. 1985).
[23] *See Blessing v. Freestone,* 520 U.S. 329, 340 (1997); *Daniels v. Williams,* 474 U.S. 327, 330 (1986); *Augustine v. Doe*, 740 F.2d 322, 324–25 (5th Cir. 1984).
[24] *See Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995); *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990), *cert. denied*, 498 U.S. 908 (1990); *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir.1986); *Angel v. City of Fairfield*, 793 F.2d 737, 739 (5th Cir. 1986).
[25] *See City of Canton v. Harris*, 489 U.S. 378, 380 (1989); *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 410–11 (1997).
[26] Rec. Doc. 1 at ¶ 17(b).
[27] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir. 1985).
[28] *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

59238

requires (1) knowledge that the inmate faces a substantial risk of serious bodily harm, and (2) failure to take reasonable measures to abate the risk.[29] In the context of medical care, this may be met by showing that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."[30] Further, the plaintiff must establish that the defendant possessed a culpable state of mind.[31] For a prison official to be held liable, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[32] "Mere negligence, neglect, or medical malpractice" does not constitute deliberate indifference.[33] Even "gross negligence" does not establish deliberate indifference.[34] Rather, "subjective recklessness as used in the criminal law" is the appropriate standard for "deliberate indifference" under the Eighth Amendment.[35] The mere delay of medical care can also constitute an Eighth Amendment violation but only "if there has been deliberate indifference [that] results in substantial harm."[36]

Plaintiff's *Complaint* does not allege facts that, if assumed to be true, would constitute deliberate indifference. According to the *Complaint*, Plaintiff entered prison on April 2, 2018 and allegedly immediately complained about "pain, swelling, tenderness,

---

[29] *Taylor v. Stevens*, 946 F.3d 211, 221 (5th Cir. 2019) (quoting *Arenas v. Calhoun*, 922 F.3d 616, 620 (5th Cir. 2019)).
[30] *Id.* at 226 (quoting *Johnson*, 759 F.2d at 1238).
[31] *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).
[32] *Id.* at 837.
[33] *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (quoting *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979)).
[34] *Hernandez v. Tex. Dep't of Prot. and Reg. Servs.*, 380 F.3d 872, 882 (5th Cir. 2004).
[35] *Farmer*, 511 U.S. at 839-40.
[36] *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (quoting *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)).

59238

discharge and other symptoms in the fourth (ring) finger of his left hand."[37] Plaintiff alleges that he requested medical care and continued to complain until he received medical attention on April 19, 2018.[38] Throughout the seventeen days between his entry into prison and his treatment, Plaintiff alleges that he "experienced severe and excruciating mental and physical pain and suffering from the date of his incarceration…."[39] Given these factual allegations, Plaintiff has failed to meet his burden of showing at the 12(b)(6) stage that the prison officials were made aware of a substantial risk of harm and that the prison officials unreasonably failed to abate the risk.

While Plaintiff alleges facts regarding the condition of his finger—particularly swelling and discharge[40]—that may concern a reasonable person, these facts are not of such a magnitude as to constitute deliberate indifference. Plaintiff does allege that he requested medical care and called the prison officials' attention to his symptoms,[41] but he does not allege the amount of times he requested medical attention. Plaintiff also appears to be uncertain about whether or not he actually received medical attention in the seventeen-day period.[42] There are simply not enough alleged facts to indicate that the prison officials unreasonably failed to abate the risk. Courts have found that similar formulaic, conclusory recitations of the elements of Section 1983 actions are insufficient to overcome a Rule 12(b)(6) motion.[43] Therefore, Plaintiff has failed to allege facts demonstrating deliberate indifference.

---

[37] Rec. Doc. 1 p. 3.
[38] *Id.*
[39] *Id.*
[40] *Id.*
[41] *Id.*
[42] *Id.* ("From on or about April 2, 2018 until April 19, 2018, Walter Carter received no medical attention and/or otherwise insufficient medical attention despite the fact that he requested medical care.").
[43] *See Mocsary v. Ard*, 2018 WL 4608485 at *7 (M.D. La. 2018) (holding that the plaintiff pled "only conclusions of law rather than facts" and that the plaintiff was "required to provide specific factual support
59238

### D. Official Capacity Claims

Defendants move to dismiss Plaintiff's official capacity claims against them.[44] A suit against a government official in his official capacity is the equivalent of filing suit against the government agency of which the official is an agent.[45] The claims against Defendants in their official capacities are therefore claims against East Baton Rouge Parish, the municipality that Defendants represent.[46] To be successful in his official capacity claims, Plaintiff "must show that the municipality has a policy or custom that caused his injury."[47] To establish an "official policy," Plaintiff must allege either of the following:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated the policymaking authority; or
>
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.[48]

Although "a single decision may create municipal liability if that decision were made by a final policymaker responsible for that activity,"[49] absent an official policy,

---

for these allegations and a basis of proof for which Plaintiff claims to have such knowledge,"); *Norton v. Livingston Parish Det. Ctr*, 2013 WL 5519400 at *5 (M.D. La. 2013) (holding that "Plaintiffs are merely making conclusory allegations that effectively amount to a formulaic recitation of the elements.").
[44] Rec. Doc. 9-1 p. 11-16.
[45] *Monell v. New York City Dep't of Soc. Serv. Of City of New York*, 436 U.S. 658, 690-91 n. 55 (1978).
[46] *Graham*, 473 U.S. at 165.
[47] *Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007).
[48] *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984).
[49] *Bennett v. Pippin*, 74 F.3d 578, 586 (5th Cir.1996) (internal quotations and citations omitted) (emphasis in original).
59238

actions of officers or employees of a municipality do not render the municipality liable under Section 1983.[50] A municipality cannot be held liable under Section 1983 for the tortious behavior of its employees under a theory of *respondeat superior*.[51] "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort."[52]

The Supreme Court has held that municipal policies and practices amounting to deliberate indifference with respect to training, supervision, and/or hiring may give rise to Section 1983 liability.[53] The Fifth Circuit has held that an official is liable under Section 1983 for a failure to train or supervise only where a plaintiff establishes that: "(1) the official failed to train or supervise the officers involved; (2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and (3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights."[54] A complaint must show that, "through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged."[55] To state a claim, Plaintiff "must plead facts showing that a policy or custom existed, and that such custom or policy was the cause in fact or moving force behind a constitutional violation."[56]

Here, Plaintiff fails to allege facts that would be sufficient to support a claim against Defendants in their official capacities. Plaintiff does not articulate any specific policy or

---

[50] *Bennett v. Pippin*, 74 F.3d at 586.
[51] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).
[52] *Id.*
[53] *See City of Canton v. Harris*, 489 U.S. 378, 380 (1989); *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 410–11 (1997).
[54] *Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003) (alteration omitted) (quoting *Thompson v. Upshur Cnty.*, 245 F.3d 447, 459 (5th Cir. 2001)).
[55] *Brown*, 520 U.S. at 404.
[56] *McClure v. Biesenbach*, No. 08–50854, 2009 WL 4666485, at *2 (5th Cir. Dec. 9, 2008) (unpublished) (citing *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997)).

custom and does not plead any facts in support of allegations that Defendants adopted or promulgated a policy or custom that caused his injury. Plaintiff makes the following boilerplate, conclusory allegations that Defendants:

> a. had and presently have a custom, policy, practice and procedure of negligently and inadequately hiring, training, supervising and retaining employees respective to responding to detainees and/or other persons in their care and custody with physical complaints and/or in need of medical care. Said negligent and inadequate hiring, training, supervision and retention of said defendants gave rise to the constitutional and statutory violations set forth herein.
>
> b. failed to institute policies and procedure [sic] respective to dealing with detainees and/or other persons in their care and custody with physical complaints and/or in need of medical care, and/or implemented policies which fostered deliberate indifference to the medical needs of persons in their care and custody, including such persons suspected of suffering from drug withdrawals. Said policies or lack thereof gave rise to the constitutional and statutory violations cited herein.[57]

Plaintiff has not asserted factual allegations in support of the broad "policies" to which he refers; there are also no factual allegations showing how these policies are causally connected to Plaintiff's injuries. "The description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts."[58] The Plaintiff has merely provides "labels and conclusions, and a formulaic recitation of the elements of a cause of action."[59] Consequently, Plaintiff's claims against Defendants in their official capacities do not withstand a 12(b)(6) motion.

---

[57] Rec. Doc. 1 p. 5.
[58] *Spiller v. City of Texas City, Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997) (citing *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992)).
[59] *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).
59238

**E. Respondeat Superior Claims**

The Plaintiff also claims that Defendants are vicariously liable for the actions of their employees under a theory of *respondeat superior*.[60] However, the Fifth Circuit has clearly held that "[s]upervisory officials cannot be held liable under section 1983 for the actions of subordinates . . . on any theory of vicarious or *respondeat superior* liability."[61] Therefore, any vicarious liability claims asserted by Plaintiff against Defendants in their official capacity fail to survive the *Motion to Dismiss*.

**F. Individual Capacity Claims**

Defendants contend that Plaintiff has not alleged any facts to support the Plaintiff's claims against the Defendants in their individual capacities.[62] The Plaintiff alleges multiple claims against the Defendants *in globo*, including various constitutional violations and negligence.[63] "[P]ersonal involvement is an essential element of a civil rights cause of action."[64] There are no facts alleged by the Plaintiff that portray either of the Defendants' personal involvement in the alleged violations. The Fifth Circuit has held that, in a claim asserted under Section 1983, "[a] plaintiff must establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation."[65]

In *Davis v. Lafourche Parish Sheriff's Office*, the plaintiff was injured when he fell

---

[60] Rec. Doc. 1 p. 6.
[61] *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005); *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). *See also Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997).
[62] Rec. Doc. 9-1 p. 8-11.
[63] *See* Rec. Doc. 1.
[64] *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).
[65] *James v. Texas Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008) (citing *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir.1999)).
59238

from the top bunk of the bed in his prison cell.[66] He filed suit against the Sheriff in his individual capacity, alleging that the plaintiff was not permitted to sleep in the bottom bunk despite documentation indicating that he suffered from seizures.[67] The plaintiff also claimed that his injuries were worsened because there was a delay of several weeks between his injury and the taking of x-rays.[68] His claim was dismissed by the district court, holding that the plaintiff's allegations were conclusory and insufficient to establish deliberate indifference.[69]

In *Hernandez v. Collin County Detention Center*, a brown recluse spider bit the plaintiff while he was confined in prison.[70] The plaintiff filed suit against the prison medical services provider and prison officials, alleging that despite requesting treatment multiple times, he did not receive medical treatment for seven days, resulting in undue pain and suffering as his leg swelled to the point of preventing the plaintiff from walking.[71] The district court dismissed his claim because the complaint consisted of "nothing more than an unactionable disagreement with prison medical personnel over the proper course of treatment" and because the plaintiff "failed to set forth any factual basis for his claim of deliberate indifference by medical personnel."[72]

While the above cases are not factually analogous to the present case, they are relevant as examples where the facts alleged in the complaint were not sufficient to

---

[66] 2013 WL 1136816 at *1 (E.D. La. 2013) (adopted by 2013 WL 1130591 (E.D. La. 2013)).
[67] *Id.*
[68] *Id.*
[69] *Id.* at *3 ("Here, as [the defendant] correctly argues, the foregoing allegations against her are largely conclusory and, in any event, fail properly to allege that she personally acted with deliberate indifference.")
[70] 2007 WL 760383 at *3 (E.D. Tex. 2007).
[71] *Id.* at *3.
[72] Id. at *5.
59238

withstand dismissal for insufficient 'factual enhancement' as required by *Iqbal*.[73] In the present case, Plaintiff has alleged a similarly sparse set of asserted facts as other cases where courts dismissed the claims for lack of factual support. Plaintiff fails to allege facts showing that Defendants were personally involved in any incidents that allegedly caused Plaintiff's injuries, and he has not alleged facts showing that Defendants were personally involved in any of Plaintiff's medical treatment decisions. Moreover, the *in globo* pleading of deliberate indifference as to all Defendants simply does not meet pleading standards, as Plaintiff does not allege specific facts pertaining to each particular Defendant. Therefore, the Plaintiff has failed to allege facts in support of the asserted individual capacity claims.

### G. Qualified Immunity

Defendants also assert the defense of qualified immunity.[74] The Supreme Court established in *Harlow v. Fitzgerald* that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[75] "When a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense."[76] A claim of qualified immunity requires the Court to engage in the well-established two-step analysis

---

[73] *Iqbal*, 556 U.S. at 678.
[74] Rec. Doc. 9-1 p. 8-10.
[75] 457 U.S. 800, 818 (1982).
[76] *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009) (citing *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (*en banc*)).
59238

developed by the Supreme Court in *Saucier v. Katz*.[77] As stated by the Fifth Circuit in the context of a motion for summary judgment:

> First, we determine whether, viewing the summary judgment evidence in the light most favorable to the plaintiff, the defendant violated the plaintiff's constitutional rights. *See, e.g., Tarver v. City of Edna*, 410 F.3d 745, 750 (5th Cir. 2005); *McClendon v. City of Columbia*, 305 F.3d 314, 322–23 (5th Cir.2002) (*en banc*); *Glenn v. City of Tyler*, 242 F.3d 307, 312 (5th Cir. 2001). If not, our analysis ends. If so, we next consider whether the defendant's actions were objectively unreasonable in light of clearly established law at the time of the conduct in question. *See, e.g., Tarver*, 410 F.3d at 750; *Glenn*, 242 F.3d at 312. To make this determination, the court applies an objective standard based on the viewpoint of a reasonable official in light of the information then available to the defendant and the law that was clearly established at the time of the defendant's actions. *See Glenn*, 242 F.3d at 312; *Goodson v. City of Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000); *see also Tarver*, 410 F.3d at 750 ("If officers of reasonable competence could disagree as to whether the plaintiff's rights were violated, the officer's qualified immunity remains intact.").[78]

When the defense of qualified immunity is raised in a Rule 12(b)(6) motion, "it is the defendant's conduct as alleged in the complaint that is scrutinized for 'objective legal reasonableness'."[79] Plaintiff must support his claim with "sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts."[80]

Because the Court has found that Plaintiff has not alleged facts giving rise to individual liability, the Court need not address qualified immunity; however, the Court finds that Plaintiff's allegations in the *Complaint* and Plaintiff's response to the assertion of this defense are woefully unsupported.

---

[77] 533 U.S. 194 (2001), *overruled in part by Pearson v. Callahan*, 555 U.S. 223 (2009). *See Lytle v. Bexar Cnty., Tex.*, 560 F.3d 404, 409 (5th Cir. 2009).
[78] *Freeman v. Gore*, 483 F.3d 404, 410–11 (5th Cir. 2007).
[79] *McClendon*, 305 F.3d at 323 (quoting *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996)).
[80] *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir.1995) (*en banc*).
59238

**H. State Law Claims**

In addition to his claims under 42 U.S.C. § 1983, Plaintiff also brings claims against Defendants for negligence under state law.[81] Because the Court has found that Plaintiff has failed to allege facts sufficient to support his federal law claims, the Court will not decide whether to exercise supplemental jurisdiction over Plaintiff's state law claims in the present procedural posture.

**III. CONCLUSION**

Accordingly, Defendants' *Motion to Dismiss*[82] is GRANTED in part and deferred in part. Plaintiff's federal law claims against Defendants are dismissed WITHOUT PREJUDICE. The Court defers addressing Plaintiff's state law claims at this stage in the litigation; therefore, the Defendant's *Motion to Dismiss*[83] the state law claims is DENIED without prejudice. Plaintiff shall have twenty-one (21) days from the date of this *Ruling* to amend his *Complaint* to cure the deficiencies noted herein and to file a Rule 7(a) response to Defendants' assertion of qualified immunity. Failure to amend by this deadline will result in a dismissal of all claims with prejudice.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>March 6, 2020</u>.

_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[81] Rec. Doc. 1 p. 1, 4-5.
[82] Rec. Doc. 9.
[83] *Id.*
59238