UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WALTER CARTER                                                    CIVIL ACTION

VERSUS                                                           19-105-SDD-EWD

SID J. GAUTREAUX, III, ET AL.

**RULING**

This matter is before the Court on the *Motion to Dismiss*[1] filed by Defendant, CorrectHealth East Baton Rouge, LLC ("CorrectHealth"). Plaintiff Walter Carter ("Plaintiff") filed an *Opposition*,[2] to which CorrectHealth filed a *Reply*.[3] For the following reasons, CorrectHealth's *Motion* shall be granted in part.

**I.    BACKGROUND**

Plaintiff entered the custody of the East Baton Rouge Parish Prison ("EBRPP") on or about April 2, 2018.[4] Plaintiff alleges that he repeatedly requested medical attention for the fourth finger (the ring finger) of his left hand on the date of his entry and over the next 17 days.[5] Plaintiff claims that his finger suffered from pain, swelling, tenderness, and discharge.[6] On April 19, 2018, Plaintiff was transported to Our Lady of the Lake Regional Medical Center, where he was diagnosed with a bone infection; his finger was subsequently amputated.[7]

---

[1] Rec. Doc. No. 37-1.
[2] Rec. Doc. No. 40.
[3] Rec. Doc. No. 43.
[4] Rec. Doc. No. 22, p. 3.
[5] Rec. Doc. No. 22, p. 3–4.
[6] Rec. Doc. No. 22, p. 3.
[7] Rec. Doc. No. 22, p. 4–5.

62886                                                                                    1

Although not initially sued, on March 27, 2020, Plaintiff filed an *Amended Complaint* adding CorrectHealth as a defendant.[8] Plaintiff asserts a 42 U.S.C. § 1983 deliberate indifference claim[9] and state law claims.[10] Based on the substance of the parties' briefs and the lack of specificity in the *Amended Complaint*, the Court assumes for the purposes of this motion that CorrectHealth has been sued in its official capacity only. On June 29, 2020, Defendants filed a Motion to Dismiss under Rule 12(b)(6).[11]

## II.   LAW AND ANALYSIS

### A.  Rule 12(b)(6) Motion to Dismiss

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[12] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[13] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[14]

In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a

---

[8] Rec. Doc. No. 22.
[9] Plaintiff styles the pertinent Count "42 USCA § 1983 14th Amendment-Due Process/Deliberate Indifference" and does not include CorrectHealth as a defendant to his conditions of confinement claim. Rec. Doc. No. 22, p. 7–9. The Court can thus conclude that the current claim is not a conditions of confinement claim.
[10] Rec. Doc. No. 22, pp. 9, 13.
[11] Rec, Doc. No. 37.
[12] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[13] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).
[14] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)).

62886

2

plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[15] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[16] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[18] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[19] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[20]

### B. Section 1983 Generally

The Civil Rights Act of 1964, 42 U.S.C. § 1983, creates a private right of action for redressing the violation of federal law by those acting under color of state law.[21] It provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to

---

[15] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal citations and brackets omitted)(hereinafter *Twombly*).
[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(internal citations omitted)(hereinafter "*Iqbal*").
[17] *Id.*
[18] *Id.*
[19] *Taha v. William Marsh Rice Univ.*, 2012 WL 1576099 at *2 (S.D. Tex. 2012) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[20] *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
[21] *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 82 (1984); *Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 19 (1981).

the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured....[22]

"Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"[23]

To prevail on a § 1983 claim, a plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States.[24] A § 1983 complainant must support his claim with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations.[25] The Supreme Court has held that municipal policies and practices amounting to deliberate indifference with respect to training, supervision, and/or hiring may give rise to § 1983 liability.[26] Plaintiff contends that CorrectHealth acted in deliberate indifference to his medical needs.[27]

### C. Private Entity Liability under § 1983

To maintain a claim that a private citizen is liable under § 1983 on the basis of joint action with state officials, a plaintiff "must allege facts showing an agreement or meeting of the minds between the state actor and the private actor to engage in a conspiracy to deprive the plaintiff of a constitutional right, and that the private actor was a willing

---

[22] 42 U.S.C. § 1983 (1996).
[23] *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3, (1979)); accord *Graham v. Connor*, 490 U.S. 386, 393–94 (1989); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985); *Jackson v. City of Atlanta, TX*, 73 F.3d 60, 63 (5th Cir. 1996), *cert. denied*, 519 U.S. 818 (1996); *Young v. City of Killeen*, 775 F.2d 1349, 1352 (5th Cir. 1985).
[24] *See Blessing v. Freestone,* 520 U.S. 329, 340 (1997); *Daniels v. Williams,* 474 U.S. 327, 330 (1986); *Augustine v. Doe*, 740 F.2d 322, 324–25 (5th Cir. 1984).
[25] *See Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995); *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990), *cert. denied*, 498 U.S. 908 (1990); *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir.1986); *Angel v. City of Fairfield*, 793 F.2d 737, 739 (5th Cir. 1986).
[26] *See City of Canton v. Harris*, 489 U.S. 378, 380 (1989); *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 410–11 (1997).
[27] Rec. Doc. No. 22, p. 9.

participant in joint activity with the state or its agents."[28] Under the nexus test, a private party will be considered a state actor "where the government has 'so far insinuated itself into a position of interdependence with the [private actor] that it was a joint participant in the enterprise,'" and the actions of the private party can be treated as that of the state itself.[29]

Plaintiff alleges that "[t]he medical services at EBRPP are operated by CorrectHealth East Baton Rouge, LLC . . . pursuant to a contract with Sherriff Gautreaux."[30] CorrectHealth does not dispute that it is a state actor. The Fifth Circuit has held that "[a] private doctor under contract with a state prison to provide medical care to prisoners is considered a state actor because his action in providing medical care to prisoners is fairly attributable to the state."[31] This reasoning applies equally to CorrectHealth, and the Court concludes that CorrectHealth is a state actor for the purposes of this *Ruling*.[32] Plaintiff must still allege facts that CorrectHealth acted with deliberate indifference to Plaintiff's medical needs and satisfy the municipal liability standard set forth in *Monell*.

### D. Deliberate Indifference to Medical Needs

To establish liability in connection with a claim for deliberate medical indifference, a prisoner-plaintiff must be able to show that appropriate medical care has been denied

---

[28] *Pikaluk v. Horseshoe Entm't, L.P.*, 810 F. App'x 243, 247 (5th Cir. 2020) (quoting *Polacek v. Kemper County*, 739 F. Supp. 2d 948, 952 (S.D. Miss. 2010)).
[29] *Bass v. Parkwood Hosp.*, 180 F.3d 234, 242 (5th Cir. 1999); *see also Blum v. Yaretsky*, 457 U.S. 991, 1004, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982).
[30] Rec. Doc. No. 22, p. 3.
[31] See *Bishop v. Karney*, 408 Fed.Appx. 846, 848 (5th Cir. 2011) (citing *West v. Atkins*, 487 U.S. 42, 49-50, 54-57 (1988)).
[32] As other courts have done. *Robichaux v. Lafourche Par. Det. Ctr.*, No. CV 17-5680, 2017 WL 5495791, at *8 (E.D. La. Oct. 10, 2017), *report and recommendation adopted*, No. CV 17-5680, 2017 WL 5483780 (E.D. La. Nov. 15, 2017); *Zavala v. City of Baton Rouge/Par. of E. Baton Rouge,* 2018 WL 4517461 at *12 (M.D.LA. 2018).

62886

5

or delayed and that the denial or delay has constituted "deliberate indifference to serious medical needs."[33] "Deliberate indifference is an extremely high standard to meet."[34] It requires (1) knowledge that the inmate faces a substantial risk of serious bodily harm, and (2) failure to take reasonable measures to abate the risk.[35] In the context of medical care, this may be met by showing that the defendant "'refused to treat [the plaintiff], ignored his complaints, intentionally treated him incorrectly,' or otherwise 'evince[d] a wanton disregard for any serious medical needs.'"[36] Further, the plaintiff must establish that the defendant possessed a culpable state of mind.[37] For a prison official to be held liable, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[38] "Mere negligence, neglect, or medical malpractice" does not constitute deliberate indifference.[39] Even "gross negligence" does not establish deliberate indifference.[40] Rather, "subjective recklessness as used in the criminal law" is the appropriate standard for "deliberate indifference" under the Fourteenth Amendment.[41] The mere delay of medical care can also constitute a Fourteenth Amendment violation but only "if there has been deliberate indifference [that] results in substantial harm."[42]

This Court previously granted Defendants Dennis Grimes and Sid J. Gautreaux,

---

[33] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir. 1985).
[34] *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001).
[35] *Taylor v. Stevens*, 946 F.3d 211, 221 (5th Cir. 2019) (quoting *Arenas v. Calhoun*, 922 F.3d 616, 620 (5th Cir. 2019)).
[36] *Id.* at 226 (quoting *Arenas v. Calhoun*, 922 F.3d 616, 620 (5th Cir. 2019)).
[37] *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).
[38] *Id.* at 837.
[39] *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (quoting *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979)).
[40] *Hernandez v. Tex. Dep't of Prot. and Reg. Servs.*, 380 F.3d 872, 882 (5th Cir. 2004).
[41] *Farmer*, 511 U.S. at 839-40; *Hernandez v. Tex. Dep't of Prot. and Reg. Servs.*, 380 F.3d at 881.
[42] *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (quoting *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)); *Hernandez v. Tex. Dep't of Prot. and Reg. Servs.*, 380 F.3d at 881.

III's motion to dismiss Plaintiff's federal law claims based on the insufficiency of Plaintiff's *Complaint*.[43] This Court noted:

> According to the *Complaint*, Plaintiff entered prison on April 2, 2018 and allegedly immediately complained about "pain, swelling, tenderness, discharge and other symptoms in the fourth (ring) finger of his left hand."[44] Plaintiff alleges that he requested medical care and continued to complain until he received medical attention on April 19, 2018.[45] Throughout the seventeen days between his entry into prison and his treatment, Plaintiff alleges that he "experienced severe and excruciating mental and physical pain and suffering from the date of his incarceration…."[46] Given these factual allegations, Plaintiff has failed to meet his burden of showing at the 12(b)(6) stage that the prison officials were made aware of a substantial risk of harm and that the prison officials unreasonably failed to abate the risk.
>
> While Plaintiff alleges facts regarding the condition of his finger—particularly swelling and discharge[47]—that may concern a reasonable person, these facts are not of such a magnitude as to constitute deliberate indifference. Plaintiff does allege that he requested medical care and called the prison officials' attention to his symptoms,[48] but he does not allege the amount of times he requested medical attention. There are simply not enough alleged facts to indicate that the prison officials unreasonably failed to abate the risk.[49]

Plaintiff's *Amended Complaint*, while substantially similar to the original *Complaint*, added CorrectHealth as a defendant and some additional factual allegations relevant to CorrectHealth. Specifically, Plaintiff alleges that: he complained more than once; CorrectHealth employees ignored his complaints; CorrectHealth employees knew that a substantial risk of harm to Plaintiff existed because of his complaints; CorrectHealth employees denied his request to take him to the hospital; and CorrectHealth's actions

---

[43] Rec. Doc. No. 21.
[44] Rec. Doc. No. 1 p. 3.
[45] *Id.*
[46] *Id.*
[47] *Id.*
[48] *Id.*
[49] Rec. Doc. No. 21, pp. 5–6.
62886

7

resulted in the amputation of his finger.[50] Plaintiff also attaches a study by "The Promise of Justice Initiative" that examined the deaths of several inmates in EBRPP from 2012–2016.[51]

CorrectHealth advances two arguments in support of its *Motion* to dismiss the deliberate indifference claim: (1) Plaintiff's medical records, which CorrectHealth attached to its *Motion*, affirmatively disprove Plaintiff's claim for deliberate indifference; and, (2) Plaintiff failed to allege any custom, policy, or practice that resulted in a violation of his constitutional rights.[52]

As to (1), it is well established that, on a motion to dismiss, courts can consider only "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[53] CorrectHealth implores the Court to consider the medical records under the *Collins* exception, which provides that a court may consider "[d]ocuments that a defendant attaches to a motion to dismiss [because they] are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."[54] The Court exercises its discretion[55] to decline to wade into the muddied waters of the *Collins* exception.[56]

---

[50] Rec. Doc. No. 22, p. 4–9.
[51] Rec. Doc. No. 22-1.
[52] Rec. Doc. No. 37-1, pp. 8-10.
[53] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (internal quotations omitted).
[54] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)(internal citations omitted).
[55] "The court *may* also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014).
[56] The *Collins* court explained that this exception to Rule 12(b)(6) is beneficial because, by attaching a document that meets the above criteria, "the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." It is unclear exactly what documents the *Collins* court held were properly considered, but it was either a contract or "fairness opinion" one of the parties had written for a transaction. The *Collins* exception is best confined to cases where authenticity is not questioned, as it is here, and the documents introduced are truly the basis of the claim, such as a contract or lease. The medical records here are not the basis of the claim; they are evidence refuting the claim. Application of *Collins* to this case would allow the defendant to use

62886                                                                                                               8

The Court harbors doubt as to whether Plaintiff has sufficiently alleged that CorrectHealth acted with deliberate indifference because Plaintiff's new "factual" allegations provide little in the way of specificity. The *Amended Complaint* is devoid of names of specific people who may be at fault, so individual liability is off the table. The Court does not reach the issue of deliberate indifference, however, because the Court concludes that the Plaintiff has not sufficiently alleged a custom or policy by CorrectHealth as *Monell* requires.

### E. Municipal Liability under *Monell*

To recover under § 1983 against a corporation acting as a state actor, the plaintiff must show that the deprivation of a constitutional right was pursuant to a custom, policy, ordinance, regulation or decision of the state actor-corporation.[57] "The test to determine liability for a private prison-management corporation under § 1983 is more or less identical to the test employed to determine municipal or local government liability."[58]

To establish municipal liability under § 1983, a plaintiff must identify: "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or

---

the exception as a weapon rather than a convenient tool that benefits all parties and the Court. Additionally, if the Court were to apply *Collins* as CorrectHealth suggests and consider the medical records, the Court would be considering documents that in current form are inadmissible hearsay and that CorrectHealth correctly characterizes as "evidence." Rec. Doc. No. 37-1, p. 10 ("It is clear from the evidence that at no point did [CorrectHealth] refuse to treat Plaintiff, ignore his complaints, or intentionally treat him incorrectly.").

[57] *Robichaux v. Lafourche Par. Det. Ctr.*, No. CV 17-5680, 2017 WL 5495791, at *8 (E.D. La. Oct. 10, 2017), *report and recommendation adopted*, No. CV 17-5680, 2017 WL 5483780 (E.D. La. Nov. 15, 2017); *Zavala v. City of Baton Rouge/Par. of E. Baton Rouge,* 2018 WL 4517461 at *12 (M.D.L.A. 2018).

[58] *Robichaux v. Lafourche Par. Det. Ctr.*, No. CV 17-5680, 2017 WL 5495791, at *8 (E.D. La. Oct. 10, 2017), *report and recommendation adopted*, No. CV 17-5680, 2017 WL 5483780 (E.D. La. Nov. 15, 2017); *Alfred v. Corr. Corp.*, No. 08-CV-0643, 2009 WL 789649, at *2 (W.D. La. Mar. 24, 2009).

62886

custom)."⁵⁹ The definition of "policy" includes:

> A persistent, widespread practice of city officials or employees which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.⁶⁰

A policy sufficient to satisfy *Monell* can be found where there is "systemic maladministration of the laws."⁶¹ But *Monell* liability presupposes a "conscious adoption of a course of action" and requires a practice that is "so persistent and widespread and so permanent and well settled as to constitute a custom or usage with the force of law."⁶²

"Actual or constructive knowledge of [a] custom must be attributable to the governing body of the municipality or to an official to whom that body has delegated policy-making authority."⁶³ Elaborating on these requirements, the Fifth Circuit has stated:

> Actual knowledge may be shown by such means as discussions at council meetings or receipt of written information. Constructive knowledge may be attributed to the governing body on the ground that it would have known of the violations if it had properly exercised its responsibilities, as, for example, where the violations were so persistent and widespread that they were the subject of prolonged public discussion or of a high degree of publicity.⁶⁴

Finally, "[t]o succeed [in alleging 'moving force' causation], 'a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of

---

⁵⁹ *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).
⁶⁰ *Id.*
⁶¹ *O'Quinn v. Manuel*, 733 F.2d 605, 608 (5th Cir. 1985).
⁶² *Cleveland v. Gautreaux*, 198 F. Supp. 3d 717, 735 (M.D.L.A. 2016).
⁶³ *Piotrowski v. City of Houston*, 237 F.3d 567 579 (5th Cir. 2001) (quoting *Webster v. City of Houston*, 735 F.2d 838, 842 (5th Cir. 1984)).
⁶⁴ *Hicks-Fields v. Harris Cnty., Tex.*, 860 F.3d 803, 808–09 (5th Cir. 2017) (quoting *Bennett v. City of Slidell*, 728 F.2d 762, 768 (5th Cir. 1984)).

federal rights.'"[65] "That is, 'the plaintiff must demonstrate that a municipal decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision.'"[66]

Plaintiff argues that the following paragraph from his *Amended Complaint* sufficiently alleges a custom or policy:

> [Plaintiff's] failure to receive proper medical care was the direct result of the conditions outlined in the study by The Promise of Justice Initiative – i.e., the jail's medical unit is underfunded and understaffed, and breaches its constitutional obligation to provide adequate medical care to inmates; the prison medical services provide substandard care and treatment; the medical services area of the jail is not properly equipped with the staff, machines and other basic resources to properly access and treat its large population; prison officials routinely ignore monitoring policies; and jail officials have known of the unconstitutional conditions at EBRPP since at least 2015 and yet have failed to act.[67]

CorrectHealth argues that "allegations of a single incident are not sufficient to show the existence of a custom or policy."[68] CorrectHealth further argues that Plaintiff does not allege any facts "sufficient to demonstrate a pattern or practice of inadequate medical care that is so persistent and widespread as to constitute an official custom."[69] Plaintiff responds that he is alleging more than a single incident (the single incident being Plaintiff's incident); rather, he is asserting that "his damages were the result of a medical system at EBRPP that was inadequately funded, chronically understaffed, and marred by a complete lack of training . . . .".[70] Plaintiff cites *Zavala v. City of Baton Rouge/Parish of*

---

[65] *Valle v. City of Houston*, 613 F.3d 536, 542 (5th Cir. 2010) (quoting *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997)).
[66] *Id.* (quoting *Brown*, 520 U.S. at 411).
[67] Rec. Doc. No. 40, p. 7.
[68] Rec. Doc. No. 37-1, p. 10.
[69] *Id.*
[70] Rec. Doc. No. 40, p. 8 (internal citations and quotations omitted).

62886

*East Baton Rouge* wherein another section of this Court denied in part CorrectHealth's[71] motion to dismiss on similar grounds.[72]

The *Zavala* court held that very detailed allegations of a "mental-health system that was inadequately funded, chronically understaffed, and marred by a complete lack of training . . . ." sufficed to allege a policy or custom of "systemic deficits in EBRPP's mental healthcare treatment" under *Monell*.[73] Assuming for the purposes of this *Ruling* that "systemic deficits in treatment" can be considered a policy under *Monell*, Plaintiff has still failed to allege sufficient facts to establish a custom or policy.[74]

Plaintiff's allegations of CorrectHealth's policy are insufficient for both temporal reasons and due to a lack of specificity—particularly as to causation. First, "The Promise of Justice Initiative" study that Plaintiff relies on almost entirely to establish CorrectHealth's policy only examined EBRPP practices from 2012–2016, and Plaintiff entered EBRPP in July 2018.[75] In the paragraph that Plaintiff argues sufficiently alleges a custom or policy, Plaintiff states, "[Plaintiff's] failure to receive proper medical care was the direct result of the conditions outlined in the study by The Promise of Justice Initiative . . . ." then lists the purported conditions within EBRPP.[76] Conditions are not necessarily policy, and Plaintiff's description of conditions two years prior to his incarceration is insufficient to raise his claims for relief above a speculative level. Plaintiff does not

---

[71] CorrectHealth was also a defendant in *Zavala*.
[72] *Id*. citing *Zavala v. City of Baton Rouge/Par. of E. Baton Rouge*, No. CV 17-656-JWD-EWD, 2018 WL 4517461, at *23 (M.D. La. Sept. 20, 2018).
[73] *Zavala*, at *18–19.
[74] The *Zavala* plaintiff's complaint was substantially more thorough. The *Zavala* plaintiff's *First Amended Complaint* included things like names, dates, times, and citations to medical records. Case 3:17-cv-00656-JWD-EWD, Rec. Doc. No. 23, pp. 1-38. Plaintiff's *Amended Complaint* does not as to CorrectHealth. Case 3:19-cv-00105-SDD-EWD, Rec. Doc. No. 22, pp. 1–18.
[75] Rec. Doc. No. 22-1, p. 14.
[76] Rec. Doc. No. 40, p. 7.

sufficiently allege that those conditions still existed during his incarceration or that those conditions were the result of any policy. For that reason alone, Plaintiff's deliberate indifference claim against CorrectHealth must be dismissed.

Additionally, Plaintiff's allegations as to the conditions within EBRPP are insufficient to state a claim because Plaintiff does not show a "direct causal link between the municipal action and the deprivation of federal rights."[77] Specifically, Plaintiff alleges that:

> [T]he jail's medical unit is underfunded and understaffed, and breaches its constitutional obligation to provide adequate medical care to inmates; the prison medical services provide substandard care and treatment; the medical services area of the jail is not properly equipped with the staff, machines and other basic resources to properly access and treat its large population; prison officials routinely ignore monitoring policies; and jail officials have known of the unconstitutional conditions at EBRPP since at least 2015 and yet have failed to act.[78]

Plaintiff fails to connect the causal dots because he fails to allege facts that show the conditions that he alleges were in existence at EBRPP contributed to his injuries. In other words, Plaintiff alleges that he was injured while in EBRPP, and that EBRPP had the above conditions (at some point), but he does not demonstrate how those conditions caused his injuries with any degree of specificity. As such, even disregarding the temporal limitations to Plaintiff's allegations, he has still failed to allege sufficient causation because he has failed to allege a "direct causal link between [CorrectHealth's] action and the deprivation of federal rights."[79]

---

[77] *Valle v. City of Houston*, 613 F.3d 536, 542 (5th Cir. 2010) (quoting *Brown*, 520 U.S. 397, 404 (1997)).
[78] Rec. Doc. No. 40, p. 7.
[79] *Valle*, 613 F.3d at 542.

### F. State Law Claims

In addition to his claims under 42 U.S.C. § 1983, Plaintiff also brings claims against CorrectHealth for negligence under state law.[80] Because the Court finds that Plaintiff has failed to allege facts sufficient to support his federal law claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims in the current procedural posture.

### III. CONCLUSION

For the foregoing reasons, CorrectHealth's *Motion to Dismiss*[81] is hereby GRANTED in part. Plaintiff will have 21 days from the date of this order to cure the deficiencies in the A*mended Complaint*, to the extent possible. If Plaintiff does not cure the deficiencies, this dismissal will convert to a dismissal with prejudice over the federal claims, and the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>October 22, 2020</u>.

*[signature: Shelly D. Dick]*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[80] Rec. Doc. No. 22, pp. 13–15.
[81] Rec. Doc. No. 37.